**FILED**

JUN 11 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 07-140 (RMU) |
| | ) | |
| v. | ) | Filed: June 11, 2007 |
| | ) | |
| BRISTOL-MYERS SQUIBB COMPANY, | ) | Count 1: False Statement (18 U.S.C. § 1001) |
| | ) | Count 2: False Statement (18 U.S.C. § 1001) |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America and Bristol-Myers Squibb Company ("Defendant"), a corporation organized and existing under the laws of Delaware, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The Defendant understands its rights:

   (a)  to be represented by an attorney;

   (b)  to be charged by Indictment;

   (c)  to plead not guilty to any criminal charge brought against it;

   (d)  to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

   (e)  to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

   (f)  to appeal its conviction if it is found guilty; and

   (g)  to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.  The Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above. The Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Pursuant to Fed. R. Crim. P. 7(b), the Defendant will waive indictment and plead guilty at arraignment to a two-count Information to be filed in the United States District Court for the District of Columbia. Count I of the Information will charge that the Defendant knowingly and willfully falsified and concealed a material fact by trick, scheme, and device and made a materially false, fictitious and fraudulent statement and representation in connection with the submission of a settlement agreement to the Federal Trade Commission ("FTC") for advisory approval under the terms of a consent decree, in violation of 18 U.S.C. § 1001. Count II of the Information will charge that the Defendant knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a certification submitted to the FTC, in violation of 18 U.S.C. § 1001.

3.  The Defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charges identified in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11.

## **FACTUAL BASES FOR OFFENSES CHARGED**

4.  Had this case gone to trial, the United States would have presented evidence sufficient to prove the facts set forth in the Information filed together with this Plea Agreement, including:

(a)  For purposes of Count I of this Plea Agreement, the "relevant period" is that period between January 1, 2006 and June 12, 2006, and before the management changes made by Defendant on September 12, 2006. In particular, on or about May 25, 2006, the Defendant entered into a proposed settlement agreement with Apotex, Inc. and Apotex Corporation (collectively, "Apotex") to resolve certain patent litigation regarding Plavix®, a brand name pharmaceutical (the "Settlement Agreement"). Under the terms of a consent decree between the Defendant and the FTC, Defendant was required to submit the Settlement Agreement to the FTC for advisory approval. Defendant filed the Settlement Agreement with the FTC, an agency within the executive branch of the United States, on May 30, 2006 and in connection therewith knowingly and willfully falsified and concealed by trick, scheme and device a material fact and made a materially false, fictitious and fraudulent statement and representation in that Defendant failed to disclose certain information that was material to the FTC and, therefore, operated as an incomplete and false statement to the FTC, in violation of 18 U.S.C. § 1001.

(b)  For purposes of Count II of this Plea Agreement, the "relevant period" is that period between January 1, 2006 and June 12, 2006, and before the management changes made by Defendant on September 12, 2006. On or about May 25, 2006, the Defendant entered into the Settlement Agreement with Apotex and submitted it to the FTC for advisory approval on May

30, 2006. On or about June 8, 2006, the FTC requested a written certification from the Defendant confirming that the Defendant "ha[d] not made any representation, commitment, or promise to Apotex, whether oral or written, that is not explicitly set forth in the [Settlement] Agreement, including the representation that [the Defendant] would not launch an authorized generic version of Plavix[®] during Apotex's period of exclusivity." On or about June 12, 2006, Defendant filed the requested written certification with the FTC and in connection therewith knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in that the written certification failed to disclose certain information that was material to the FTC and, therefore, operated as an incomplete and false statement to the FTC, in violation of 18 U.S.C. § 1001.

5.   The Defendant agrees that the Information filed together with this Plea Agreement is sufficient to charge the offenses in Counts I and II and that the Information contains sufficient information for it to understand the nature of those charges.

## POSSIBLE MAXIMUM SENTENCE

6.   The Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. § 1001 is a fine in an amount equal to the greatest of:

(a)   $500,000 (18 U.S.C. § 3571(c)(3));

(b)   twice the gross pecuniary gain derived from the offense (18 U.S.C. § 3571(c) and (d)); or

(c)   twice the gross pecuniary loss resulting from the offense (18 U.S.C.

§ 3571(c) and (d)).

7.  In addition, the Defendant understands that:

   (a)  pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

   (b)  pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(1)(A), the Court may order it to pay restitution to the victims of the offenses; and

   (c)  pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the Defendant to pay a $400 special assessment upon conviction for each of the charged crimes.

## SENTENCING GUIDELINES

8.  The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant

agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the Defendant to pay to the United States a criminal fine of $1 million, payable in full before the fifteenth (15th) day after the date of judgment ("the recommended sentence"). The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

 (a) The Defendant understands that the Court will order it to pay a $400 special assessment per count, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

 (b) The parties agree that none of the factors requiring the imposition of a term of probation that are contained in U.S.S.G. §8D1.1 are applicable in this case, and both parties will recommend that no term of probation be imposed, but the Defendant understands that the Court's denial of this request will not void this Plea Agreement.

 (c) The United States and the Defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the Defendant at the plea and sentencing hearings, including the Information filed together with this Plea Agreement, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the Defendant, the crime charged in this case, and the Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and Defendant agree to request jointly that the Court accept the Defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record

provided by the Defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The parties agree that the Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10. Subject to the ongoing, full, and truthful cooperation of the Defendant described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court of the fact, manner, and extent of the Defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the Defendant's involvement in the charged offense, and all other relevant conduct.

11. The United States and the Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence, the United States and the Defendant agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

(b) If the Court does not accept the recommended sentence, the Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the Defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the Defendant in any criminal

or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the Defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12. In light of the availability of civil causes of action that potentially provide for recovery of any actual damages, the United States agrees that it will not seek a restitution order for the offenses charged in the Information.

## DEFENDANT'S COOPERATION

13. The Defendant, its subsidiaries, and the Bristol-Myers Squibb Sanofi Pharmaceuticals Holding Partnership, but not including Sanofi-Aventis, Sanofi Synthelabo Inc., or any of their subsidiaries, (collectively, "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal criminal laws involving the settlement of litigation concerning the PLAVIX® patent, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the Defendant shall include, but not be limited to:

(a) producing to the United States all non-privileged documents, information,

and other materials, and documents, information, and other materials, for which the Defendant has previously waived any applicable privilege, wherever located, in the possession, custody, or control of the Defendant or any of its related entities, requested by the United States in connection with any Federal Proceeding;

 (b) using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the Defendant or any of its related entities as may be requested by the United States, but excluding Peter Dolan, Richard Willard, and Andrew Bodnar, including making these persons available, at the Defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14. The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

 (a) producing all non-privileged documents and documents for which the Defendant has previously waived any applicable privilege, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

 (b) making himself or herself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

 (c) responding fully and truthfully to all inquiries of the United States in

connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d) otherwise voluntarily providing the United States with any non-privileged material or information and material or information for which the Defendant has previously waived any applicable privilege, not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

**GOVERNMENT'S AGREEMENT**

15. Upon acceptance of the guilty plea called for by this Plea Agreement and the

imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the Defendant or any of its related entities for any act or offense committed before the date of this Plea Agreement relating to conduct surrounding the settlement of litigation with Apotex concerning the PLAVIX® patent. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, to any crime of violence, or to any deferred prosecution agreements to which the Defendant or its related entities may be a party.

16. The United States agrees to the following:

(a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the Defendant or its related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the Defendant or its related entities relating to conduct surrounding the settlement of litigation with Apotex concerning the validity of the PLAVIX® patent ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Peter Dolan, Richard Willard, and Andrew Bodnar;

(b) Should the United States determine that any current or former director, officer, or employee of the Defendant or its related entities may have information

relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the Defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the Defendant;

(c) If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d) Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f) The nonprosecution terms of this paragraph do not apply to civil matters

of any kind, to any violation of the federal tax or securities laws, or to any deferred prosecution agreements or civil injunctions to which the Defendant or its related entities may be a party; and

  (g) Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the Defendant or any of its related entities.

17. The Defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the Defendant and its related entities, both prior to and following disposition, as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

18. The Defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The Defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

## VOLUNTARY PLEA

19. The Defendant's decision to enter into this Plea Agreement and to tender a plea of

guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.     The Defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the Defendant or any of its related entities have failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the Defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the Defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The Defendant and its related entities agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the Defendant or its related entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

21.     The Defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of the Defendant's or its related entities' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or current or former directors, officers, or employees of it or its related entities to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities in any such further prosecution. In addition, the Defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

22.     This Plea Agreement constitutes the entire agreement between the United States and the Defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the Defendant.

23.     The undersigned is authorized to enter this Plea Agreement on behalf of the Defendant as evidenced by the Resolution of the Board of Directors of the Defendant attached to, and incorporated by reference in, this Plea Agreement.

24.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

25.     A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of

executing this Plea Agreement.

DATED: May 31, 2007

                                                    Respectfully submitted,

BY: _____/s/_____                         BY: _____/s/_____
Bristol-Myers Squibb Company                     John Terzaken, Trial Attorney
By: Sandra Leung, Esq.                           Brent Snyder, Trial Attorney
    General Counsel                              Portia Brown, Trial Attorney
                                                 U.S. Department of Justice
BY: _____/s/_____                              Antitrust Division
Mary Jo White, Esq.                              1401 H Street, N.W., Suite 3700
Lorin Reisner, Esq.                              Washington, D.C. 20530
Counsel for Bristol-Myers Squibb Co.             Tel.: (202) 307-6694
                                                 Fax: (202) 514-6525

## BRISTOL-MYERS SQUIBB COMPANY

### CERTIFICATION

I, Joan E. Gumas, Assistant Secretary of Bristol-Myers Squibb Company (the "Company"), a corporation organized under the laws of the State of Delaware, hereby certify that the following is a true and exact copy of a resolution taken from a special meeting of the Board of Directors of said corporation, on the 30th day of May, 2007:

> WHEREAS, Bristol-Myers Squibb Company ("BMS") has engaged in discussions with the U.S. Department of Justice – Antitrust Division ("DOJ") in connection with an investigation by the DOJ into the proposed settlement of the Plavix patent litigation,
>
> WHEREAS, the Board of Directors of BMS has discussed the investigation with counsel and has determined that resolution of the investigation on the terms and conditions discussed with the Board and as contained in the Plea Agreement attached hereto as Exhibit A would be in the best interests of BMS and BMS's stockholders,
>
> NOW THEREFORE, BE IT RESOLVED, that Sandra Leung, Mary Jo White and Lorin L. Reisner are each authorized to sign the attached Plea Agreement on behalf of BMS and to take such other action as may be required by BMS pursuant to the Plea Agreement or deemed necessary or appropriate to carry out the intent of the foregoing resolutions and that all steps heretofore taken to effect the purposes of the foregoing resolutions are hereby approved, ratified and confirmed.

IN WITNESS WHEREOF, I have hereunto placed my hand and the seal of the corporation on this 30th day of May, 2007.

BRISTOL-MYERS SQUIBB COMPANY

*Joan E. Gumas*
Joan E. Gumas
Assistant Secretary